UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 8:16-CR-60-T-27MAP

JORGE ENRIQUE PUENTE SUAREZ
_____/

**SENTENCING MEMORANDUM**

The Defendant, Jorge Enrique Puente Suarez, by and through his undersigned counsel, and pursuant to 18 U.S.C. § 3553(a), hereby files this memorandum and requests a departure and a variance from the advisory guideline range.

I. <u>Statement of the Case and Outline of the Argument</u>

On May 9, 2016, this Court accepted Mr. Suarez's guilty plea to Count One of the Indictment, which charges Mr. Suarez and his co-conspirators with conspiring to possess with the intent to distribute 5 kilograms or more of a detectible amount of cocaine, in violation of 46 U.S.C. § 70506(a) and 21 U.S.C. § 960 (b). (Dkt. 56).

United States Probation calculates Mr. Suarez's advisory guideline range at base level 31, criminal history I, 108-135 months. (Dkt. 66, PSR ¶28). Undersigned counsel anticipates that the United States will file a §5K1.1 motion for substantial assistance, and if granted, the 120 month minimum mandatory will be removed.

Further, Mr. Suarez argues that he should receive a variance from the advisory guideline range based on the Section 3553 factors.

II. <u>Sentencing Guidelines Are Advisory</u>

After <u>United States v. Booker</u>, 543 U.S. 2209, 125 S. Ct. 738 (2005), sentencing requires a two-step process. The procedure was further clarified in <u>Gall v. United States</u>, 522 U.S. 38, 128 S. Ct. (2007). First, the district court must consult the United States Sentencing Guidelines and correctly calculate the sentencing range provided by the Guidelines. <u>United States v. Livesy</u>, 525 F.3d 1081, 1089 (11th Cir. 2008). Second, the district court must consider the factors outlined in 18 U.S.C. § 3553(a) to determine a reasonable sentence for the individualized case. <u>Id.</u> Moreover, as <u>Gall</u> makes clear, the sentencing court "must make an individual assessment based on the facts presented." <u>Gall</u>, 522 U.S. at 50.

The Eleventh Circuit has held that district courts have wide discretion in sentencing after <u>Booker</u>. <u>United States v. Williams</u>, 435 F.3d 1350, 1356 (11th Cir. 2006). In <u>Williams</u>, the Eleventh Circuit affirmed the district court's sentence of 90 months imprisonment based on the district court's application of the § 3553(a) factors, even though the applicable guideline range was 188 to 235 months imprisonment. <u>Id.</u> at 1354. In affirming the sentence, the Eleventh Circuit noted that the district court had "disagreed with the 'mechanistic application' of the Guidelines in [the defendant's] case." <u>Id.</u> at 1355. The district court specifically stated that "there are occasions when the guidelines simply produce an unjust result." <u>Id.</u> at 1352. Based on the facts of the case before this Court, any guideline calculation resulting in a prison sentence would be an unjust result.

III. <u>Application of the 18 U.S.C. § 3553(a) Factors</u>

Based on the section 3553(a) factors, this Court should vary from the advisory guideline range. Under Section 3553, "[t]he court shall impose a sentence sufficient, but not greater than

2

necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Paragraph 2 states that the court shall consider a number of factors as outlined below.

### A. The Nature and Circumstances of the Offense

Unfortunately, this Court is too familiar with the facts and circumstances of cases like these. Mr. Suarez got involved in transporting cocaine to make additional money to support his family. Since his arrest, he has been fully cooperative and remorseful for his actions.

### B. Mr. Suarez's Personal History

The "history and characteristics of the defendant" are also among the first factors that a court is instructed to consider in sentencing. See 18 U.S.C. § 3553(a)(1). Mr. Suarez did not have a healthy upbringing. His parents separated when he was a child. His mother remarried, and his stepfather physically abused him. His stepfather also made Mr. Suarez quit school in the fifth grade so he could work full time and support the family. Mr. Suarez has also suffered from a heart problem since he was ten years old. Even with this heart issue, he has always maintained employment and has worked in construction for many years. Because of his construction work, Mr. Suarez suffers from terrible lower back problems.

### C. Adequate Deterrence to Criminal Conduct

Even with a downward variance, Mr. Suarez will spend many years in a federal prison before release and deportation. Such a sentence will clearly offer adequate deterrence for future criminal conduct.

### D. Protect the Public from Further Crimes

The public does not need protection from Mr. Suarez. He has no criminal history. In a desperate need to take care of his family, he acted as a drug mule for more powerful drug

dealers. This Court need not fashion a sentence with an eye to protecting the public from Mr. Suarez.

IV. Conclusion

Mr. Suarez is a good man, who made a mistake. Accordingly, Mr. Suarez requests that the Court consider the information outlined in this memorandum in determining his sentence.

                                              Respectfully submitted,

                                              __s/ William Sansone____
                                              William F. Sansone, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 14, 2016, I electronically filed the foregoing Sentencing Memorandum with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Daniel Baeza, Esq.

                                              ___s/ William F. Sansone_____
                                              WILLIAM F. SANSONE
                                              Sansone Law, P.A
                                              609 West De Leon Street
                                              Tampa, Florida 33606
                                              813/361-0874
                                              FBN 781231
                                              bill@sansone-law.com